# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

LAURA RIVERA-CORNISH

   Plaintiff

   v.

NORRIS SQUARE UNITED
PRESBYTERIAN CONGREGATION, et. al.

   Defendants

**CIVIL NO.** 07-1672 (GAG)

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff, Laura Rivera-Cornish, has brought suit against the following defendants:

1)     Norris Square United Presbyterian Congregation, a Pennsylvania entity,

2)     Presbytery of Philadelphia, a Pennsylvania entity,

3)     The Superior Court of New Jersey, and,

4)     Mr. Theodore Frederick Cornish, plaintiff's former spouse, a New Jersey resident.

Upon review of plaintiff's allegations, viewed in the light most favorable to her, the Court is compelled by law to dismiss all the claims against the Superior Court of New Jersey and Mr. Theodore Frederick Cornish.

In the first instance, a federal court cannot order a superior court of a state to change plaintiff's name, nor obtain victim compensation. These matters must necessarily be petitioned directly to the New Jersey Court. Accordingly, plaintiff's federal claim against the New Jersey Court is dismissed.

Next, plaintiff requests this federal court to review her new Jersey divorce decree, and modify the same in regards to alimony and other related matters. This matter, as well, cannot be heard by a federal court, since the federal judiciary is required to abstain from entertaining domestic relations matters, which are in this case exclusively under the purview of state tribunals. See Mooney v. Mooney, 471 F. 3d 246 (1st Cir. 2006). Since this court has no jurisdiction to modify a New Jersey divorce judgment against plaintiff's former spouse, the claims against him must also be dismissed.

**Civil 07-1672 (GAG)** 2

In addition, the Court notes that plaintiff also seeks $1.5 million dollars minimum compensation for pain and suffering caused by Mr. Cornish. This claim as pleaded, however, is time-barred. The allegations which give rise to the same occurred during the late 1990s and into 2004, when plaintiff divorced. In Puerto Rico tort actions must be filed within one year, see P.R. Laws Ann. tit. 31 § 5298. In Pennsylvania this prescriptive period is two years, see Haugh v. Allstate Ins. Co., 322 F. 3d 227, 233 (3d Cir. 2003). And, in New Jersey, this period is also two years, see N.J.S.A. § 2 A:14-2. Consequently, in any of the three jurisdictions in which plaintiff and her spouse may arguably have had contacts, the tort cause of action is time-barred. The Court notes that plaintiff's only post-2004 allegation against her spouse is that at the beginning of 2006 he called her in Puerto Rico to see if he could stay at her home with her new female friend (Docket No. 2 at page 12 ¶ 19, lines 10-11). A claim for this incident in and of itself, would likewise be time-barred under Puerto Rico law, and could not reasonably exceed the jurisdictional amount for diversity jurisdiction, see 28 U.S.C. § 1332.

Plaintiff's remaining claims are brought against the Norris Square United Presbyterian Congregation and the Presbytery of Philadelphia, both Pennsylvania religious entities. These claims sound in tort and employment law, and are based on alleged conduct by defendant running until July, 2005. This court cannot, on the basis of the complaint alone, rule that plaintiff does not have a cause of action against these Pennsylvania religious entities. However, Puerto Rico is not the appropriate venue for said claims which took place exclusively in Pennsylvania and involve defendants and witnesses from said state. Accordingly, the Court shall order the transfer of this case to the Eastern District of Pennsylvania, in Philadelphia, pursuant to 28 U.S.C. § 1404(a). This Court, expresses no opinion on the merits of these claims.

Finally, the Court notes that plaintiff makes several requests in the Court pertaining to an investigation of defendants, and assisting her in matters such as seeking grants. Since these matters do not present a case and controversy suitable for adjudication, the Court must deny said request.

Given the Court's previous *sua sponte* rulings, plaintiff is hereby given twenty (20) days to respond to this order. Absent a response, the Court will enter partial judgment and transfer the remaining claims to the Eastern District of Pennsylvania, accordingly.

**Civil 07-1672 (GAG)**                               3

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of August, 2007.

*S/ Gustavo A. Gelpi*

GUSTAVO A. GELPI
United States District Judge